UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

| | |
|---|---|
| FEDERAL EDUCATION ASSOCIATION, ) | |
| 1201 16th Street, NW # 117 ) | |
| Washington, DC 20036 ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civ. Action No: |
| ) | 1:19-cv-00284 (RJL) |
| FEDERAL LABOR RELATIONS AUTHORITY, ) | |
| 1400 K Street, NW ) | |
| Washington, DC 20424 ) | |
| Defendant. ) | |

---

## STATEMENT OF POINTS OF LAW AND AUTHORITIES
## IN SUPPORT OF THE MOTION TO DISMISS OF
## DEFENDANT FEDERAL LABOR RELATIONS AUTHORITY

---

REBECCA J. OSBORNE
Acting Deputy Solicitor

Federal Labor Relations Authority
1400 K Street, NW
Washington, D.C. 20424
(202) 218-7906
(202) 218-7986

# TABLE OF CONTENTS

TABLE OF CONTENTS.............................................................................................i

TABLE OF AUTHORITIES ....................................................................................iii

PRELIMINARY STATEMENT ............................................................................. 1

BACKGROUND .................................................................................................... 3

I.     STATUTORY BACKGROUND ...................................................................3

II.    STATEMENT OF THE FACTS ...................................................................4

      A. The FEA and DoDEA Disputes.....................................................................4

      B. In the *Fees Decision*, the Authority Reasonably Determined that the Union is Not Entitled to Attorney Fees under the Back Pay Act Until Audits Were Complete and the Union Proved a Net Loss of Pay.........................................6

      C. In the *Procedural Decision*, the Authority Reasonably Determined that the Grievance did not Satisfy the CBA's Requirements for Arbitration ............................8

      D. The Present Action........................................................................................10

ARGUMENT ........................................................................................................ 10

I.     STANDARD OF REVIEW ........................................................................10

II.    THIS COURT LACKS JURISDICTION OVER AUTHORITY DECISIONS CONCERNING ARBITRATION AWARDS ...............................................11

      A. Congress Intended to Bar Judicial Review of Authority Decisions on Exceptions to Arbitration Awards in Virtually All Cases ............................................12

      B. The APA Does Not Provide a Basis for Jurisdiction...................................14

III.   PLAINTIFF'S ATTEMPTS TO RELY UPON NARROW EXCEPTIONS TO THE STATUTE'S SECTION 7123 JURISDICTIONAL BAR ARE UNAVAILING ...............15

      A. This Court Should Dismiss Plaintiff's Due Process Claims Under Rule 12(b)(6) ........................................................................................................16

         1. FEA Fails to Allege a Protectable Property Interest...............................17

2.  As FEA Received Notice and the Opportunity to Respond in the Authority's Proceedings, It Cannot Establish a Procedural Due Process Violation ..............................................................................................18

3.  The Authority Did Not Violate the Union's Substantive Due Process Rights ...........................................................................................................19

   a.  The Union's Allegations of Bias are Frivolous ...............................20

   b.  The Conduct of which FEA Complains Does Not Constitute a Denial of Substantive Due Process.............................................................21

B.  This Court Should Dismiss Under Rule 12(b)(6) Plaintiff's *Leedom* Claim and Claim that the FLRA Acted *Ultra Vires* ....................................................22

1.  Plaintiff Has Not Met the "Nearly Insurmountable" Burden of Establishing *Leedom* Jurisdiction ...........................................................23

2.  The Authority's Routine Application of the Back Pay Act and Other Statutes Regulating the Conditions of Employment to the Arbitration Awards is Not Subject to Judicial Review.............................................25

CONCLUSION................................................................................................................. 27

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Abhe & Svoboda, Inc. v. Chao*,
  508 F.3d 1052 (D.C. Cir. 2007) ........................................................................ 3

*Aid Ass'n for Lutherans v. U.S. Postal Serv.*,
  321 F.3d 1166 (D.C. Cir. 2003) ...................................................................... 26

*\*Am. Fed'n of Gov't Emps., Local 2510 v. FLRA*,
  453 F.3d 500 (D.C. Cir. 2006) ............................................................... 1, 4, 12

*Am. Fed'n of Gov't Emps., Local 2741 v. Dist. of Columbia*,
  689 F.Supp.2d 30 (D.D.C. 2009) .................................................................... 19

*\*Am. Fed'n of Gov't Emps. v. Sec'y of Air Force*,
  716 F.3d 633 (D.C. Cir. 2013) ........................................................................ 14

*\*Am. Fed'n of Gov't Emps., AFL-CIO, Local 2798 v. Pope*,
  808 F. Supp. 2d 99 (D.D.C. 2011) ...................................................... 16, 18, 19

*Am. Fed'n of Gov't Emps., AFL-CIO, Local 2798 v. Pope*,
  No. 11-5308, 2012 WL 1450584 (D.C. Cir. Apr. 12, 2012) .......................... 16

*\*Am. Fed'n of Gov't Emps., AFL-CIO, Local 446 v. Nicholson*,
  475 F.3d 341 (D.C. Cir. 2007) .................................................................. 16, 22

*Am. Fed'n of Gov't Emps., Council of Prison Locals #33, Local 0922*,
  69 FLRA 351 (2016) ......................................................................................... 9

*Am. Fed'n of Gov't Emps., Local 1923 v. FLRA*,
  675 F.2d 612 (4th Cir. 1982) ........................................................................... 13

*Am. Fed'n Gov't Emps., Local 2041*,
  67 FLRA 651, 652 (2014) ............................................................................... 14

*Am. Fed'n of Gov't Emps., Local 2343 v. FLRA*,
  144 F.3d 85 (D.C. Cir. 1998) .......................................................................... 14

*\*Am. Fed'n of Gov't Emps., Local 2986 v. FLRA*,
  130 F.3d 450 (D.C. Cir. 1997) .............................................................. 4, 15, 22

*Arbaugh v. Y & H Corp.*,
  546 U.S. 500 (2006) ........................................................................................ 10

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) .................................................................................. 10

*Ass'n of Civilian Technicians, Inc. v. FLRA*,
  283 F.3d 339 (D.C. Cir. 2002) ................................................... 3, 14, 23

*Ass'n of Civilian Technicians, N.Y.S. Council v. FLRA*,
  507 F.3d 697 (D.C. Cir. 2007) ......................................................... 4, 6

*Bd. of Regents of State Colls. v. Roth*,
  408 U.S. 564 (1972) .................................................................................. 17

*Begay v. Dep't of the Interior*,
  145 F.3d 1313 (Fed. Cir. 1998) ............................................................ 12

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) .................................................................................. 10

*Bold All. v. Fed. Energy Regulatory Comm'n*,
  No. 17-CV-0182(RJL), 2018 WL 4681004 (D.D.C. Sept. 28, 2018) .................... 3

*Bova v. Pipefitters & Plumbers Local 60, AFL-CIO*,
  554 F.2d 226 (5th Cir. 1977) ................................................................ 18

*Broad. Bd. of Governors Office of Cuba Broad. v. FLRA*,
  752 F.3d 453 (D.C. Cir. 2014) ............................................................... 4

*Bureau of Alcohol, Tobacco and Firearms v. FLRA*,
  464 U.S. 89 (1983) ...................................................................................... 3

*Butera v. Dist. of Columbia*,
  235 F.3d 637 (D.C. Cir. 2001) ............................................................... 19

*Chamber of Commerce of U.S. v. Reich*,
  74 F.3d 1322 (D.C. Cir. 1996) ............................................................... 26

*Chatman v. U.S. Dep't of Def.*,
  270 F. Supp. 3d 184 (D.D.C. 2017) ................................................... 3, 10

*Cinderella Career & Finishing Sch., Inc. v. FTC*,
  425 F.2d 583 (D.C. Cir. 1970) ............................................................... 20

*Citizens for Responsibility & Ethics in Wash. v. Fed. Election Comm'n*,
  892 F.3d 434 (D.C. Cir. 2018) ............................................................... 16

*Crowley Caribbean Transport, Inc. v. Pena*,
   37 F.3d 671 (D.C. Cir. 1994) ........................................................ 16

*Cty. of Sacramento v. Lewis*,
   523 U.S. 833 (1998) ...................................................................... 19

*Dart v. United States*,
   848 F.2d 217 (D.C. Cir. 1988) ................................................ 25, 26

*Eagle Tr. Fund v. U.S. Postal Serv.*,
   No. 1:17-CV-2450(KBJ), 2019 WL 451350 (D.D.C. Feb. 4, 2019)........................................ 26

*Elkins v. Dist. of Columbia*,
   527 F. Supp. 2d 36 (D.D.C. 2007) .............................................. 19

*Griffith v. FLRA*,
   842 F.2d 487 (D.C. Cir. 1988) ..........................................*passim*

*Hairston v. Dist. of Columbia*,
   638 F. Supp. 198 (D.D.C. 1986) .................................................. 18

*Hilbert v. Dist. of Columbia*,
   23 F.3d 429 (D.C. Cir. 1994) ...................................................... 25

*Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*,
   456 U.S. 694 (1982) ...................................................................... 11

*Leedom v. Kyne*,
   358 U.S. 184 (1958) ........................................................2, 15, 22-24

*Liteky v. U.S.*,
   510 U.S. 540 (1994) ................................................................ 17, 21

*Logan v. Zimmerman Brush Co.*,
   455 U.S. 422 (1982) ...................................................................... 18

*N. Am. Butterfly Ass'n v. Nielsen*,
   CV 17-2651(RJL), 2019 WL 634596 (D.D.C. Feb. 14, 2019) ................................ 10

*Nat'l Air Traffic Controllers Ass'n AFL-CIO v. FSIP*,
   437 F.3d 1256 (D.C. Cir. 2006) .............................................. 23, 24

*Nat'l Ass'n of Gov't Emps. v. FLRA*,
   830 F. Supp. 889 (E.D. Va. 1993)....................................... 17, 18, 24

*Nat'l Treasury Emps. Union v. FLRA*,
  754 F.3d 1031 (D.C. Cir. 2014) ........................................................ 14

*Nat'l Treasury Emps. Union, Chapter 143*,
  68 FLRA 871 (2015) ........................................................................ 6

*Nat'l Treasury Emps. Union, Chapter 98*,
  60 FLRA 448 (2004) ............................................................... 14, 17

*NLRB v. United Food & Commercial Workers Union, Local 23, AFL-CIO*,
  484 U.S. 112 (1987) ........................................................................ 14

*Nuclear Info. & Res. Serv. v. Nuclear Regulatory Comm'n*,
  509 F.3d 562 (D.C. Cir. 2007) ........................................................ 20

*Overseas Educ. Assoc. v. FLRA*,
  824 F.2d 61 (D.C. Cir. 1987) ................................................... 11, 12

*Pa. Mun. Auths. Ass'n v. Johnson*,
  No. 04-5073, 2005 WL 2491482 (D.C. Cir. June 3, 2005).............. 23

*Pearson v. Dist. of Columbia*,
  644 F. Supp. 2d 23 (D.D.C. 2009) .................................................. 16

*Phila. Metal Trades Council v. FLRA*,
  963 F.2d 38 (3d Cir. 1992) .............................................................. 12

*Pioneer Hotel, Inc. v. NLRB*,
  182 F.3d 939 (D.C. Cir. 1999) ........................................................ 21

*Power v. FLRA*,
  146 F.3d 995 (D.C. Cir. 1998) ........................................................ 21

*Prof'l Air Traffic Controllers Org. v. FLRA*,
  685 F.2d 547 (D.C. Cir. 1982) ........................................................ 20

*Silverman v. Barry*,
  845 F.2d 1072 (D.C. Cir. 1988) ...................................................... 19

*Soc. Sec. Admin., Balt., Md. v. FLRA*,
  201 F.3d 465 (D.C. Cir. 2000) .......................................................... 6

*Tonetti v. FLRA*,
  776 F.2d 929 (11th Cir. 1985)......................................................... 13

*U.S. Dep't of Def. Educ. Activity, U.S. Dep't of Def. Dependents Sch.,
  70 FLRA 718 (2018) .......................................................................... passim

*U.S. Dep't of Def. Educ. Activity,
  70 FLRA 863 (2018) .......................................................................... passim

U.S. Dep't of Defense Dependents Sch.,
  53 FLRA 196 (1997) .............................................................................. 5

U.S. Dep't of Health & Human Servs. v. FLRA,
  No. 15-1068 (D.C. Cir. Sept. 10, 2015) ................................................ 1

U.S. Dep't of Homeland Sec., Customs & Border Prot. v. FLRA,
  647 F.3d 359 (D.C. Cir. 2011) .............................................................. 25

*U.S. Dep't of Homeland Sec., U.S. Customs & Border Prot., Scobey, Mont. v. FLRA,
  784 F.3d 821 (D.C. Cir. 2015) ........................................................ passim

U.S. Dep't of Justice v. FLRA,
  792 F.2d 25 (2d Cir. 1986) .................................................................. 12

*U.S. Dep't of Justice, U.S. Fed. Bureau of Prisons v. FLRA,
  981 F.2d 1339 (D.C. Cir. 1993) .................................................. 4, 15, 23

U.S. Dep't of the Interior, Bureau of Reclamation, Missouri Basin Region v. FLRA,
  1 F.3d 1059 (10th Cir. 1993) .......................................................... 12, 24

U.S. Dep't of the Treasury, IRS,
  66 FLRA 342 (2011) ............................................................................. 6

U.S. Dep't of Treasury, U.S. Customs Serv. v. FLRA,
  43 F.3d 682 (D.C. Cir. 1994) .................................................. 15, 25, 27

U.S. Marshals Serv. v. FLRA,
  708 F.2d 1417 (9th Cir. 1983) ............................................................. 13

United Steelworkers of Am. v. Marshall,
  647 F.2d 1189 (D.C. Cir. 1980) .......................................................... 20

Withrow v. Larkin,
  421 U.S. 35 (1975) .............................................................................. 20

**United States Constitution**

U.S. Const. amend. V  ..................................................................... passim

**Statutes**

2 U.S.C. §§ 1301-1438 ................................................................................... 25

*5 U.S.C. §§ 701-06 ............................................................................... *passim*

5 U.S.C. § 5514 ............................................................................................... 6

*5 U.S.C. § 5596 ..................................................................................... *passim*

*5 U.S.C. §§ 7101-7135 ........................................................................... *passim*

20 U.S.C. § 905 ............................................................................................... 5

20 U.S.C. § 906 ............................................................................................... 5

29 U.S.C. §§ 151-187 ...................................................................................... 3

31 U.S.C. §§ 3701-3720e ................................................................................ 6

**Rules**

*Fed. R. Civ. P. 12 .................................................................................. *passim*

Fed. R. Civ. P. 56 ........................................................................................... 3

Fed. R. of Evid. 201 ........................................................................................ 3

**Regulation**

5 C.F.R. § 550.803 .......................................................................................... 6

Dep't of State Standardized Regulations § 131.1 .......................................... 5

**Legislative Materials**

*H.R. Conf. Rep. No. 95-1717, 1978 WL 8637 (1978) ................................. 13

S. Rep. No. 103-397, 1994 WL 548739 (1994) ........................................... 25

## PRELIMINARY STATEMENT

Having availed itself of all process to which it was entitled under the Federal Service Labor-Management Relations Statute, 5 U.S.C. §§ 7101-7135 (2018) (the "Statute"), the plaintiff Federal Education Association ("Plaintiff," "Union," or "FEA") brings this action against defendant Federal Labor Relations Authority ("Defendant," "FLRA," or "Authority") to challenge the Authority's decisions in *U.S. Department of Defense Education Activity, U.S. Department of Defense Dependents Schools*, 70 FLRA (No. 143) 718 (2018) (the "*Fees Decision*") and *U.S. Department of Defense Education Activity*, 70 FLRA (No. 167) 863 (2018) (the "*Procedural Decision*") (collectively, the "Decisions").

This Court should dismiss the Complaint in its entirety because the Court lacks jurisdiction over this matter.  In Section 7123 of the Statute, Congress specifically denied courts subject-matter jurisdiction to review FLRA decisions resolving exceptions to arbitration awards. *See U.S. Dep't of Homeland Sec., U.S. Customs & Border Prot., Scobey, Mont. v. FLRA*, 784 F.3d 821, 823-24 (D.C. Cir. 2015) ("*Scobey*");  *Am. Fed'n of Gov't Emps., Local 2510 v. FLRA*, 453 F.3d 500, 504 (D.C. Cir. 2006) ("*AFGE, Local 2510*"); *U.S. Dep't of Health & Human Servs. v. FLRA*, No. 15-1068 (D.C. Cir. Sept. 10, 2015) (unpublished order) (motion to dismiss for lack of jurisdiction granted).  Plaintiff cannot cure that jurisdictional defect by relying on the Administrative Procedure Act, 5 U.S.C. §§ 701-06 (2018) ("APA") because the APA does not provide an independent source of jurisdiction for Plaintiff's claims.  *See* 5 U.S.C. § 701(a).

This Court should reject Plaintiff's attempt to shoehorn its claims into one of the narrow exceptions to the Statute's jurisdictional bar.  Plaintiff's due process claims fail as a matter of law because FEA has not alleged a protectable property interest of which it has been deprived. Even if it had alleged such an interest, its procedural due process claim collapses because FEA

received all the process to which it was entitled.  Nor can the FEA turn an Authority decision to set aside arbitration awards into a substantive due process claim by making baseless claims of bias.  Also without merit are Plaintiff's claims that the Authority exceeded its power under *Leedom v. Kyne*, 358 U.S. 184 (1958) or that the Decisions were *ultra vires*.  The Union alleges no facts that support its claim that the Authority violated its own Statute or any law outside of the Authority's purview – which are necessary components of such cases.

It is apparent that FEA disagrees with the Authority's conclusion that it may not receive attorney fees until it completes the adjudication of its members' grievances and demonstrates that they suffered a net loss of pay.  *See* Compl. ¶¶ 4, 8-16; *Fees Decision*, 70 FLRA at 720.   It is also apparent that FEA disagrees with the Authority's determination that an arbitrator exceeded his authority by resolving the issue of whether a grievance was procedurally justiciable based on evidence that had nothing to do with collective bargaining agreement ("CBA") procedures agreed to by FEA and U.S. Department of Defense Education Activity (the "Agency" or "DoDEA").  *See* Compl. ¶¶ 3, 5-7; *Procedural Decision*, 70 FLRA at 864-65.  Plaintiff's disappointment with the Decisions, however, does not provide this Court with jurisdiction to review the Decisions.  Nor are Plaintiff's wild factual and legal claims – such as Plaintiff's bizarre allegation that a denial of attorney fees implicates the validity of a grievant's award, or its frivolous bias allegations – sufficient to establish jurisdiction.  If that were not the case, such claims could be raised by any party who was disappointed by an Authority decision concerning an arbitration award.

The FLRA therefore respectfully asks this Court to dismiss the Complaint with prejudice.

# BACKGROUND

## I. STATUTORY BACKGROUND

The FLRA is an executive-branch federal agency created by the Statute, which is Title VII of the Civil Service Reform Act of 1978, Pub. L. No. 95-454, 92 Stat. 1111 (1978) (codified at 5 U.S.C. §§ 7101-7135).  By way of background,[1] the Statute provides a general framework for regulating labor-management relations for the federal government.  *See generally* 5 U.S.C. §§ 7101-7135.   It grants federal employees the right to organize and provides for collective bargaining.  *See* 5 U.S.C. §§ 7114(a)(1), 7116.

The Authority is a three-member independent and bipartisan body within the FLRA that is responsible for implementing the Statute through the exercise of broad adjudicatory, policy-making, and rulemaking powers.  5 U.S.C. § 7104.  The Authority's role is analogous to that of the National Labor Relations Board in the private sector.  *Bureau of Alcohol, Tobacco and Firearms v. FLRA*, 464 U.S. 89, 92-93 (1983); *Ass'n of Civilian Technicians, Inc. v. FLRA*, 283

---

[1]  When considering a Rule 12(b)(1) motion, the Court may take judicial notice of facts outside the Complaint under Federal Rule of Evidence 201(b).  *Bold All. v. Fed. Energy Regulatory Comm'n,* No. 17-CV-01822 (RJL), 2018 WL 4681004, at *4 (D.D.C. Sept. 28, 2018).  Similarly, in evaluating a Rule 12(b)(6) motion, the Court may consider matters of judicial notice without converting the motion into one for summary judgment under Federal Rule of Civil Procedure 56. *Chatman v. U.S. Dep't of Def.*, 270 F. Supp. 3d 184, 188 (D.D.C. 2017) (citing *Abhe & Svoboda, Inc. v. Chao*, 508 F.3d 1052, 1059 (D.C. Cir. 2007)).

This Court should, however, reject Plaintiff's attempt to bolster its claims by copying into the Complaint (Compl. ¶¶ 31-32) sections of the FLRA's *Guide to Arbitration under the Federal Service Labor-Management Relations Statute* (the "Guide"), which was last updated in 2016.  As the Guide explicitly states in its foreword, "This Guide is not an official interpretation of the Statute and/or the Authority's Regulations, or the Authority's official policy. It should not be considered as legal advice or as a substitute for adequate preparation and research by the party representatives or arbitrators.  The case law in this area is constantly evolving.  It is crucial that parties and arbitrators research court, Authority, and other administrative-tribunal decisions that may apply to their particular cases."  (Foreword to Guide, available at https://www.flra.gov/system/files/webfm/Authority/AR%20Forms,%20Other/Arbitration%20Guide%209.30.16.pdf) (last visited Apr. 8, 2019).

F.3d 339, 342 (D.C. Cir. 2002).  Indeed, the Statute is modeled in large part after the National

Labor Relations Act, 29 U.S.C. §§ 151-187 (2018).

Courts in the District of Columbia Circuit ("D.C. Circuit") have repeatedly recognized

that under Section 7123(a)(1) the Statute, Authority decisions involving review of arbitrators'

awards are not subject to judicial review. *See Scobey*, 784 F.3d at 823 ("Section 7123 of the

Federal Service Labor–Management Relations Statute vests this court with jurisdiction to review

the Authority's final orders 'other than an order . . . involving an award by an arbitrator.'"

(quoting 5 U.S.C. § 7123(a)(1)). [2]

II.     STATEMENT OF THE FACTS

A.     The FEA and DoDEA Disputes

The Decisions arose from disputes between DoDEA and the Union concerning the

Agency's payroll practices.  The Agency is a component of the Department of Defense that

provides educational services to the children of overseas military members.  (Compl. ¶ 1.)  The

Union represents approximately 6,000 of the Agency's employees. (*Id.*)

Agency employees are entitled to living quarters or a living-quarters allowance, cost‑of‑

living allowances, the ability to participate in Thrift Savings Plans, and other benefits for the

---

[2]  *See also Broad. Bd. of Governors Office of Cuba Broad. v. FLRA*, 752 F.3d 453, 456 (D.C.
Cir. 2014) (it is a "fundamental principle of federal labor relations law [that]: arbitration awards
are presumed final and not subject to judicial review"); *Ass'n of Civilian Technicians, N.Y.S.
Council v. FLRA*, 507 F.3d 697, 698-99 (D.C. Cir. 2007) ("[w]e lack jurisdiction to review the
Authority's order affirming the arbitral decision"); *AFGE, Local 2510*, 453 F.3d at 503-04 (no
jurisdiction to review Authority decision to reduce arbitration award of attorney fees that
Authority deemed to be excessive); *Am. Fed'n of Gov't Emps., Local 2986 v. FLRA*, 130 F.3d
450, 451 (D.C. Cir. 1997) (dismissing for lack of jurisdiction petitions for review of arbitration
award); *U.S. Dep't of Justice, U.S. Fed. Bureau of Prisons v. FLRA*, 981 F.2d 1339, 1342 (D.C.
Cir. 1993) (review of arbitration award "flatly foreclosed" by 5 U.S.C. 7123(a)(1)); *Griffith v.
FLRA*, 842 F.2d 487, 490-91 (D.C. Cir. 1988) ("We are convinced that as a general matter
Congress intended to preclude judicial review in the district courts of FLRA decisions
concerning arbitral awards").

time during which they are assigned to work overseas.  *See* 20 U.S.C. §§ 905-906.  Department

of State regulations affect the allowances by providing that, when the cost of utilities or other

allowable overseas expenses fluctuate, payments are made in even amounts, but are reconciled at

the end of the annual period.  Dep't of State Standardized Regulations § 131.1; *see, e.g., U.S.*

*Dep't of Def. Dependents Sch.*, 53 FLRA 196, 198 (1997) (describing the Agency living-

quarters-allowance reconciliation process for employees paid an overseas allowance).  If, after

completing the reconciliations, the Agency determines that it has overpaid an employee, it

engages in debt-collection proceedings to recoup the overpayment. *U.S. Dep't of Def.*

*Dependents Sch.*, 53 FLRA at 198.

      The Union has filed many grievances against the Agency concerning its payroll practices.

Many of those grievances have gone on to arbitration.  *Fees Decision*, 70 FLRA at 718.  The

Decisions are the product of the Authority's review of arbitrator s' awards in several of the cases.

      The *Fees Decision* consolidated eight underlying arbitrations that involved when and

whether FEA was entitled to attorney fees for work on pay disputes.  *Id.* at 718-20.  The

*Procedural Decision* addressed only the issue of whether a consolidated FEA grievance was

"procedurally arbitrable," i.e. whether the grievance met CBA procedural prerequisites necessary

to bring a claim.  *Procedural Decision,* 70 FLRA at 863-65.

      In each of the cases, the Union availed itself of a right to arbitration, and the Agency filed

exceptions to arbitrators' awards.  *Fees Decision*, 70 FLRA at 719; *Procedural Decision*, 70

FLRA at 863-64.  The Union does not, and cannot, dispute that it was afforded the opportunity to

respond to the Agency's exceptions – which it did.  *Fees Decision*, 70 FLRA at 719; *Procedural*

*Decision*, 70 FLRA at 864.   After an examination of the facts, law, and parties' arguments, the

Authority rendered the Decisions.

B.      In the *Fees Decision*, the Authority Reasonably Determined that the Union
        is Not Entitled to Attorney Fees under the Back Pay Act Until Audits
        Were Complete and the Union Proved a Net Loss of Pay

In the *Fees Decision*, the Authority considered exceptions filed by the Agency to eight

attorney fees awards that four arbitrators had made in the Union's favor.  70 FLRA at 718-20.

In each of the eight cases, the Union and Agency had engaged in years of arbitration

concerning Agency payments of overseas allowances, and Agency attempts to recoup

overpayments of those allowances.  *Id.* at 718.  The Union alleged violations of the Debt

Collection Act, 5 U.S.C. § 5514; 31 U.S.C. §§ 3701-3720e (2018) ("DCA");  Article 45 of the

parties' CBA ("Article 45"); and the Back Pay Act,  5 U.S.C. § 5596 (2018).  *Fees Decision*, 70

FLRA at 718.  The DCA and Article 45 set forth debt‑collection procedures.  *Id.*  Those

procedures include, *inter alia*, notice, the opportunity to inspect documents, and the opportunity

for a hearing.  5 U.S.C. § 5514(a)(1), (a)(2)(A)-(B), (D); *Fees Decision*, 70 FLRA at 718.

Neither the DCA nor Article 45 provide for the award of attorney fees.  The Back Pay

Act does provide for attorney fees, but only if an employee suffers a "withdrawal or reduction of

. . . pay, allowances[,] or differentials."  *Nat'l Treasury Emps. Union, Chapter 143*, 68 FLRA

871, 873 (2015) (citing *U.S. Dep't of the Treasury, IRS*, 66 FLRA 342, 347 (2011)). "Pay,

allowances, or differentials" are defined as "pay, leave, and other monetary employment benefits

to which an employee is entitled by statute or regulation and which are payable by the employing

agency to an employee during periods of [f]ederal employment." 5 C.F.R. § 550.803; *see

generally Soc. Sec. Admin., Balt., Md. v. FLRA*, 201 F.3d 465, 471 (D.C. Cir. 2000) (discussing

meaning of "pay, allowances, or differentials").

In each grievance, the Union alleged that the Agency: 1) failed to follow appropriate

procedures when it attempted to collect the debts, and 2) miscalculated debts.  *Fees Decision*, 70

FLRA at 719.  Arbitrators in each of the cases issued initial decisions (or merit determinations) finding that the Agency's actions violated the DCA, Article 45, and the Back Pay Act.  *Id.*  The arbitrators ordered the Agency to conduct multistage audits of certain categories of payments to, and collections from, the grievants to determine whether the Agency owed the grievants money. *Id.*  The arbitrators retained jurisdiction over the cases while the audits proceeded.  *Id.*

The Agency conducted the audits and the Union reviewed them for accuracy and completeness.  *Id.*  While the audits were ongoing, the Union filed attorney-fee petitions.  *Id.*

Until the audits were completed, final, sum-certain amounts of monies either owed by the Agency to the grievants or *vice versa* could not be determined.  *Id.* at 719-20.  Indeed, all of the arbitrators justified their continued jurisdiction over the cases on the ground that they needed to monitor the continuing audits.  *Id.* at 719.  Despite the lack of certainty about damages, the arbitrators awarded to the Union, attorney fees in each of the cases.  *Id.*

The Agency filed exceptions to the arbitration awards, which the Union opposed.  The Authority reviewed the awards and party submissions.  After considering those matters, the Authority came to an unremarkable conclusion: agencies are liable for attorney fees under the Back Pay Act only to the extent that grievants are able to show that they have suffered a clear loss of pay.  *See Fees Decision*, 70 FLRA at 720 (citing *Nat'l Treasury Emps. Union, Chapter 98*, 60 FLRA 448, 450 (2004)).  Since the audits were ongoing, the amount of money that the Agency owed to individual grievants, or that individual grievants owed to the Agency, was unclear.  *Fees Decision*, 70 FLRA at 720.  The Authority therefore concluded, "[g]iven the lack of clear record evidence of net losses of pay or overseas allowances – and the fact that the Union

has the burden of showing such losses – we find that the Union has not established an entitlement to attorney fees in these cases." *Id.* [3]

The Authority issued the *Fees Decision* on July 16, 2019.  FEA did not move for reconsideration of the decision, or take any action with respect to it until it filed the Complaint in this case on February 4, 2019.

      C.      In the *Procedural Decision*, the Authority Reasonably Determined that the Grievance did not Satisfy the CBA's Requirements for Arbitration

In the *Procedural Decision*, the sole issue before the Authority was whether a Union grievance satisfied CBA prerequisites for arbitration.  70 FLRA at 863-65.

When an employer and union negotiate a CBA, they agree on procedural standards that parties must meet in order to bring a grievance to arbitration.  *Id.* at 864.  Such standards may include time limits for bringing grievances; information that must be included in a grievances; and so forth.  If a grievance does not meet the standards set forth in the CBA, it is "not procedurally arbitrable."  *Id.*

The Union's grievance in the *Procedural Decision* involved multiple grievants with a variety of claims concerning the Agency's pay practices.  The arbitrator framed the issue in the dispute as "'[w]hether . . . [the] [g]rievance . . . [was] procedurally . . . arbitrable.'"  70 FLRA at 864 (citation omitted, alterations in original).  The Agency argued that the grievance was not procedurally arbitrable because the claims were not: 1) sufficiently specific; 2) timely; or 3)

---

[3] This Court should also reject FEA's dramatic – and false – allegations that the *Fees Decision* somehow affects prior merit determinations in the arbitrations the Authority reviewed.  *See, e.g.*, Compl. Introduction & ¶¶ 2-3.  The *Fees Decision* addresses a single issue: whether FEA was entitled to attorney fees before the FEA finished proving that its members suffered net losses of pay in the eight arbitrations the Authority reviewed.

common to all grievants.  The Agency further contended that it had previously addressed some of the grievants' same claims in its responses to individual grievances.  *Id.*

The Union argued that the parties' past practices permitted such grievances.  *Id.*   It alleged that the parties had a history of permitting the Union to bring already rejected individual claims as "institutional claims" that could then be bundled with the claims of other grievants.  *Id.*  It also alleged that the CBA deadlines did not apply because the bundled institutional grievance alleged a continuing violation.  *Id.*  Finally, it argued that other arbitrators had permitted the arbitration of similar grievances.  *Id.*

The arbitrator determined that there was no past practice permitting the Union to bundle individual pay claims into institutional grievances.  *Id.*  He further found that many of the Agency's arguments concerning procedural arbitrability were correct.  *Id.*

Although he found the grievance to be procedurally defective and acknowledged that the issue before him was purely procedural, the arbitrator nevertheless determined that the claims could go to arbitration because of prior pay grievances that FEA had brought against the Agency. Indeed, he found that, "but for the . . . history of improper pay practices by the Agency," he would have found the grievances nonarbitrable.  *Id.*

The Authority set aside the arbitrator's decision on the ground that he exceeded his authority.  In coming to that conclusion, the Authority relied on precedent holding that arbitrators may not resolve issues that the parties have not submitted to arbitration and may not disregard limits on their power.  *Id.* at 864 (citing *Am. Fed'n of Gov't Emps., Council of Prison Locals #33, Local 0922*, 69 FLRA 351, 352 (2016)).  The Authority determined that the arbitrator erred because he ignored the grievances' procedural defects and reached into the potential merits of the

cases – even though the question before him was strictly procedural.  *Procedural Decision*, 70 FLRA at 864.

The Authority issued the *Procedural Decision* on September 25, 2018.  FEA took no action with respect to that decision until it filed its Complaint on February 4, 2019.

      D.      <u>The Present Action</u>

Plaintiff's Complaint states five causes of action.  (Compl. ¶¶ 116-20.)  FEA's first and second causes of action allege deprivations of Procedural and Substantive Due Process under the Fifth Amendment.  (*Id.* ¶¶ 116-17.)  Its third and fourth causes of action allege that the FLRA exceeded its power under the Statute.  (*Id.* ¶¶ 118-19.)  Plaintiff's final claim is that the Authority violated the APA by issuing decisions that were arbitrary and capricious.  (*Id.* ¶ 120.)  None of those causes of action have merit.

**<u>ARGUMENT</u>**

I.      <u>STANDARD OF REVIEW</u>

A federal district court must dismiss claims over which it lacks subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1).  *See Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006).  Although a defendant is the moving party in a Rule 12(b)(1) motion to dismiss, the plaintiff is the party invoking the court's jurisdiction and bears the burden of proving that the case is properly in federal court.  *N. Am. Butterfly Ass'n v. Nielsen*, No. CV 17-2651 (RJL), 2019 WL 634596, at *2 (D.D.C. Feb. 14, 2019).

The Court must also dismiss causes of action that do not state claims upon which relief may be granted under Rule 12(b)(6).  *Chatman v. U.S. Dep't of Def.*, 270 F. Supp. 3d 184, 188 (D.D.C. 2017).  To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual

matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

In this case, the plain language of Section 7123(a)(1) of the Statute "'removes [Authority] decisions reviewing arbitral awards from judicial review' unless 'the [Authority's] order involves an unfair labor practice.'" *U.S. Dep't of Homeland Sec., U.S. Customs & Border Prot., Scobey, Mont.  v. FLRA*, 784 F.3d 821, 824 (D.C. Cir. 2015) ("*Scobey*") (internal alterations in original) (quoting *Overseas Educ. Assoc. v. FLRA*, 824 F.2d 61, 63 (D.C.Cir.1987)).  As the Complaint involves decisions concerning arbitration awards that do not involve any unfair labor practice, this Court has no jurisdiction over the case and should dismiss it under Rule 12(b)(1).[4] FEA's attempts to evade that jurisdictional bar fail because it has not alleged plausible claims that would fall into any of the narrow exceptions to the bar.  Those claims should therefore be dismissed under Rule 12(b)(6).

## II.   THIS COURT LACKS JURISDICTION OVER AUTHORITY DECISIONS CONCERNING ARBITRATION AWARDS

A federal district court may hear a case only if it is authorized to do so by a grant of Congressional jurisdiction.  *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 701-02 (1982).  In this case, Congress prescribed a specific statutory scheme for judicial review in the Statute.  Section 7123 is the only provision of the Statute that creates federal court jurisdiction.  That provision precludes courts from reviewing Authority decisions made pursuant to Section 7122, i.e. review of arbitration awards.  *See* 5 U.S.C. § 7122.  The Section 7123 jurisdictional bar cannot be cured by reliance on the APA because that act is inapplicable when

---

[4]  FEA does not allege the Agency committed an unfair labor practice in this case.  Accordingly, that exception will not be addressed at length.

"statutes preclude judicial review" or "agency action is committed to agency discretion by law."
5 U.S.C. § 701(a).

> A.      Congress Intended to Bar Judicial Review of Authority Decisions
>          on Exceptions to Arbitration Awards in Virtually All Cases

The Statute's language embodies the strict limits Congress set on judicial review of

Authority decisions concerning arbitration awards, such as the Decisions in this case.  Section

7123(a) of the Statute specifically precludes judicial review of certain Authority decisions and

orders.  That section bars judicial review of Authority orders under "section 7122 of this title

(*involving an award by an arbitrator*), unless the order involves an unfair labor practice under

section 711[6][5] of this title." 5 U.S.C. § 7123(a) (emphasis added).  Thus, the plain language of

Section 7123(a) bars judicial review of Authority decisions on exceptions to arbitrators' awards

and narrowly restricts the jurisdiction of the courts of appeals to review Authority arbitration

decisions to those instances that "involve[] [an unfair labor practice]" under the Statute.  5

U.S.C. § 7123(a); see also *Overseas*, 824 F.2d at 63 (finding that Section 7123's jurisdiction bar

is "firmly grounded in the strong Congressional policy . . . granting arbitration results substantial

finality").  This broad jurisdictional bar has been recognized by all of the courts of appeals that

have considered the issue.  *See Scobey*, 784 F.3d at 824.[6]

---

[5]  Although the text of the Statute refers to Section 7118, that reference has generally been recognized as an inadvertent miscitation.  *See Am. Fed'n of Gov't Emps., Local 2510 v. FLRA*, 453 F.3d 500, 502 n* (D.C. Cir. 2006).  Section 7116 of the Statute is the correct reference.  *Id.*

[6]  *See also Begay v. Dep't of the Interior*, 145 F.3d 1313, 1315-16 (Fed. Cir. 1998) (no jurisdiction to review Authority determination concerning arbitration award);  *U.S. Dep't of the Interior, Bureau of Reclamation, Missouri Basin Region v. FLRA*, 1 F.3d 1059, 1061 (10th Cir. 1993) (same); *Phila. Metal Trades Council v. FLRA*, 963 F.2d 38, 40 (3d Cir. 1992) ("we do not have jurisdiction under Section 7123 to review the Authority's decision to set aside the award of attorney's fees" in an arbitration proceeding); *U.S. Dep't of Justice v. FLRA*, 792 F.2d 25, 27 (2d Cir. 1986) (no jurisdiction to review arbitration award); *Tonetti v. FLRA*, 776 F.2d 929, 931

The legislative history of Section 7123(a) underscores the tight restrictions Congress placed on review of Authority decisions issued under Section 7122, involving an award by an arbitrator.  "The rationale for circumscribed judicial review of such cases is not hard to divine." *Overseas*, 824 F.2d at 63.  Congress strongly favored arbitrating labor disputes, and sought to create a scheme characterized by finality, speed, and economy.  To this end, the conferees discussed judicial review in the following terms:

> [T]here will be *no judicial review* of the Authority's action on those *arbitrators*['] *awards in grievance cases which are appealable to the Authority.*  The Authority will only be authorized to review the award of [an] arbitrator on very narrow grounds similar to the scope of judicial review of an arbitrator's award in the private sector.  In light of the limited nature of the Authority's review, the conferees determined *it would be inappropriate for there to be subsequent review by the court of appeals in such matters.*

H.R. Conf. Rep. No. 95-1717, 1978 WL 8637, at 153 (1978) (emphasis added).  The conference committee also indicated its intent that once an arbitrator's award becomes "final," it is "not subject to further review by *any  . . . authority* or administrative body" other than the FLRA.  *Id.* at 158 (emphasis added).

Accordingly, the plain wording and legislative history of the Statute establish conclusively that Congress intended to restrict review of arbitration awards exclusively to the Authority, and intended that there be "no judicial review of the Authority's action on . . . arbitrators['] awards."  *Id.* at 153.  In this case, FEA seeks judicial review of the Decisions, which review arbitration awards that do not involve unfair labor practices.  No review of those Decisions is available.  The Complaint should therefore be dismissed under Rule 12(b)(1).

---

(11th Cir. 1985) (same); *U.S. Marshals Serv. v. FLRA*, 708 F.2d 1417 (9th Cir. 1983) (same); *Am. Fed'n of Gov't Emps., Local 1923 v. FLRA*, 675 F.2d 612, 613 (4th Cir. 1982) (same).

B.     The APA Does Not Provide a Basis for Jurisdiction

Plaintiff's APA claim should be dismissed because the APA does not provide an

independent basis for jurisdiction.  *Ass'n of Civilian Technicians, Inc. v. FLRA,* 283 F.3d 339,

341 (D.C. Cir. 2002) ("*ACT*").

 "The APA expressly provides that its general review provisions, pursuant to which the

[plaintiff] filed this suit, do not apply where 'statutes preclude judicial review.'" *ACT,* 283 F.3d

at 341 (quoting 5 U.S.C. § 701(a)(1)).  As Section 7123(a)(1) of the Statute precludes judicial

review of arbitration awards, the APA's "general review provisions" do not apply, and this Court

lacks jurisdiction over this case.  *See Am. Fed'n of Gov't Emps. v. Sec'y of Air Force*, 716 F.3d

633, 636 (D.C. Cir. 2013) (plaintiffs may not circumvent the Statute by seeking judicial review

under the APA); *ACT*, 283 F.3d at 341-42 (APA review is not available for decision falling

under Section 7123); *see also NLRB v. United Food & Commercial Workers Union, Local 23,

AFL-CIO*, 484 U.S. 112, 130 (1987) (APA review is "is unavailable of actions specified in 5

U.S.C. § 701(a), that is . . . where 'statutes preclude judicial review'" (quoting 5 U.S.C. §

701(a).[7]

Dismissal of Plaintiff's APA claim under Rule 12(b)(1) is therefore appropriate.

---

[7] Even if the APA did apply, FEA cannot establish that the Decisions are "'arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.'"  *Nat'l Treasury Emps. Union v.* FLRA, 754 F.3d 1031, 1041 (D.C. Cir. 2014) ("*NTEU 2014*") (quoting *Am. Fed'n of Gov't Emps., Local 2343 v. FLRA*, 144 F.3d 85, 88 (D.C. Cir. 1998)).  The question in such a review is whether the Authority's decision is reasonable – not whether it is the only permissible interpretation or "even the interpretation deemed most reasonable" by a court.  *NTEU 2014*, 754 F.3d at 1042.  In the *Fees Decision*, the Authority reasonably determined that the Union could not demonstrate its entitlement to attorney fees until it was "'clear that the violation . . . resulted in the loss of some pay.'"  *Fees Decision*, 70 FLRA at 720 (quoting *Nat'l Treasury Emps. Union, Chapter 98*, 60 FLRA 448, 450 (2004)).  Similarly, the Authority reasonably determined in the *Procedural Decision* that an arbitrator may not make a decision concerning procedural arbitrability based on non-procedural considerations.  *Procedural Decision*, 70 FLRA at 864 (citing *Am. Fed'n Gov't Emps., Local 2041*, 67 FLRA 651, 652 (2014)).

III.   PLAINTIFF'S ATTEMPTS TO RELY UPON NARROW EXCEPTIONS TO THE
       STATUTE'S SECTION 7123 JURISDICTIONAL BAR ARE UNAVAILING

Courts in this Circuit have recognized narrow exceptions to the Section 7123

jurisdictional bar to judicial review of Authority decisions concerning arbitration awards.  For

example, in *Griffith v. FLRA*, 842 F.2d 487 (D.C. Cir. 1988), the D.C. Circuit found that such

Authority decisions may be subject to constitutional challenges.   Courts in this Circuit have also

held that review may be appropriate under *Leedom v. Kyne*, 358 U.S. 184 (1958) if the

complaining party is able to "identify a specific provision of [an agency's enabling statute]

which, although it is clear and mandatory,  . . . has nevertheless been violated by the" agency.

*U.S. Dep't of Justice v. FLRA*, 981 F.2d 1339, 1342 (D.C. Cir. 1993) (quotation omitted).  A

similar *ultra vires* exception applies only if the Authority incorrectly applies a law that is

unrelated to "'regulating the working conditions of employees.'"  *Scobey*, 784 F.3d at 823

(quoting *U.S. Dep't of Treasury, U.S. Customs Serv. v. FLRA*, 43 F.3d 682, 691 (D.C. Cir.

1994)).

Each of these exceptions is extremely narrow.  In fact, although courts have held that

jurisdiction for constitutional or *Leedom* claims is possible, every court that has considered such

claims against the FLRA has dismissed those claims.  *See, e.g., Griffith*, 842 F.2d at 495-501

(Authority did not violate grievant's due process rights by denying a within-grade pay increase);

*Am. Fed'n of Gov't Emps., Local 2986 v. FLRA*, 130 F.3d 450, 451 (D.C. Cir. 1997) (Authority

decision to overturn arbitration awards granting severance to union members did not warrant

exercise of jurisdiction under *Leedom* exception to 5 U.S.C. § 7123).

The Union's attempt to fit its claims into one of the narrow exceptions should be rejected.

The Complaint does not allege facts sufficient to state plausible claims that the Authority

violated the Union's due process rights; that it violated the Statute; or that it acted *ultra vires*.

Moreover, the "law of this circuit 'rejects the notion of carving reviewable legal rulings out from the middle of non-reviewable actions.'" *Citizens for Responsibility & Ethics in Wash. v. Fed. Election Comm'n*, 892 F.3d 434, 442 (D.C. Cir. 2018) (quoting *Crowley Caribbean Transport, Inc. v. Pena*, 37 F.3d 671, 676 (D.C. Cir. 1994)).  Plaintiff's Complaint should be dismissed because it attempts to do just that.

A.      This Court Should Dismiss Plaintiff's Due Process Claims Under Rule 12(b)(6)

Dismissal of Plaintiff's due process claims (Compl. ¶¶ 37-47, 116-17) is appropriate under Rule 12(b)(6) because those claims fail to state a basis upon which relief may be granted.

The D.C. Circuit has determined that although there is "unusually clear congressional intent generally to foreclose" judicial review of "nonconstitutional claims [against the FLRA] . . . Congress's language was not specific enough to foreclose review" of "constitutional challenges." *Griffith*, 842 F.2d at 490; *see also Scobey*, 784 F.3d at 823.  Courts have, however, found no due process violations in cases such as this.

To survive a motion to dismiss a procedural due process claim, Plaintiff must allege not only deprivation of a property interest, but also that Plaintiff was denied "notice and opportunity for hearing appropriate to the nature of the case."  *Am. Fed'n of Gov't Emps., AFL-CIO, Local 2798 v. Pope*, 808 F. Supp. 2d 99, 112 (D.D.C. 2011) ("*AFGE DDC 2011*") (quoting *Pearson v. Dist. of Columbia*, 644 F. Supp. 2d 23, 46 (D.D.C. 2009)), *aff'd*, No. 11-5308, 2012 WL 1450584 (D.C. Cir. Apr. 12, 2012).  A substantive due process claim requires a plaintiff to allege facts sufficient to show a deprivation of a property interest in circumstances that "shock the conscience," *American Federation of Government Employees, AFL-CIO, Local 446 v. Nicholson*, 475 F.3d 341, 353 (D.C. Cir. 2007) ("*Nicholson*"), or "constitute a deliberate flouting of law." *AFGE DDC 2011*, 808 F. Supp. 2d at 112.

FEA's due process claims fail because the FLRA did not deprive it of a property interest. Even if it had, FEA received all of the procedural due process to which it was entitled and was subject to nothing more dramatic than adverse Authority decisions.  FEA's frivolous allegations of bias do not change that conclusion.  A mere tally of Authority decisions that are grouped in terms of union "wins and losses" (*see* Compl. ¶¶ 19-30), is legally insufficient to establish that decision makers have prejudged a case.  *See Liteky v. U.S.*, 510 U.S. 540, 555 (1994) ("judicial rulings, routine trial administration efforts, and ordinary admonishments (whether or not legally supportable)" are insufficient to establish judicial bias).  If such a tally was sufficient, any adjudicator could be subject to claims of bias.

## 1.    FEA Fails to Allege a Protectable Property Interest

This Court should dismiss Plaintiff's due process claims because FEA cannot establish protected Fifth Amendment property rights that the FLRA violated.  "[T]he Union can prevail only if [an] interest qualifies as 'property' [and it] must show that the substantive provisions governing the grant of the relief sought provide a 'legitimate claim of entitlement.'" *Nat'l Ass'n of Gov't Emps. v. FLRA*, 830 F. Supp. 889, 898 n.5 (E.D. Va. 1993) ("*NAGE 1993*") (quoting *Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 577 (1972)).

FEA does not have a property interest in either of the Decisions.  As the Authority held in the *Fees Decision*, the Union is not entitled to attorney fees under the Back Pay Act until *after* final audits are completed and FEA demonstrates that the Agency owes certain net amounts to grievants.  *Fees Decision*, 70 FLRA at 720 (citing *Nat'l Treasury Emps. Union, Chapter 98*, 60 FLRA 448, 450 (2004)).  Moreover, FEA has no property interest in the *Procedural Decision*, which addressed a bundle of grievances that included claims that had been previously addressed, were not common to all grievants, were vague, or were time-barred.  70 FLRA at 864.

17

Unless FEA can show that it meets "the statutory factual predicates for the benefit [it] seeks," it has no property interest in attorney fees in the *Fees Decision*, much less the grievance in *Procedural Decision*.  *Hairston v. Dist. of Columbia*, 638 F. Supp. 198, 203 (D.D.C. 1986) (no property interest in attorney fees pursuant to provision of D.C. code where plaintiff had no claim of entitlement to a benefit under that provision of the code); *see also NAGE 1993*, 830 F. Supp. at 898 n.5 (no property interest in remand for award of attorney fees).  As FEA has not alleged facts sufficient to establish a plausible claim for a property interest in either of the Decisions, the Court should dismiss its due process claims.

      2.      **As FEA Received Notice and the Opportunity to Respond in the Authority's Proceedings, It Cannot Establish a Procedural Due Process Violation**

Even if the Union could establish a protectable property interest in either of the Decisions, its procedural due process claims fail because it received all the process that it was due.

Procedural due process requires only that government give "the putative owner [of a property interest] an opportunity to present his claim of entitlement."  *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 434 (1982); *AFGE DDC 2011*, 808 F. Supp. 2d at 112 ("procedural due process requires only notice and opportunity for hearing appropriate to the nature of the case") (internal quotation omitted).  In the absence of a "substantial showing on the face of the [C]omplaint that" FLRA procedures deprived Plaintiff of constitutional rights, its procedural due process claims should be dismissed for failure to state a claim.  *Bova v. Pipefitters & Plumbers Local 60, AFL-CIO*, 554 F.2d 226, 229 (5th Cir. 1977) (quotation omitted) (interpreting the National Labor Relations Act).  Plaintiff cannot make such a showing.

In both Decisions arbitrators issued awards that the Agency contested by filing exceptions with the Authority.  FEA received notice of those exceptions and was provided with, and took, the opportunity to oppose the exceptions.  The Authority evaluated and addressed the awards and parties' positions in the Decisions.  The Authority was required to do nothing more to satisfy its procedural due process obligations.   Plaintiff's disappointment with the Decisions, and its arguments that those Decisions are incorrect, are irrelevant in the context of a procedural due process claim.  *See AFGE DDC 2011*, 808 F. Supp. 2d at 112 ("[E]ven assuming, *arguendo*, that the agency made an error in calculating the timeliness of the motion for reconsideration, that would not suffice to state a claim for violation of procedural due process." (citing *Am. Fed'n of Gov't Emps., Local 2741 v. Dist. of Columbia*, 689 F.Supp.2d 30, 35–36 (D.D.C. 2009)). Plaintiff's procedural due process claim should thus be dismissed under Rule 12(b)(6).

        3.      The Authority Did Not Violate the Union's
                  Substantive Due Process Rights

To state a claim that the FLRA has violated its substantive due process rights, FEA must, in addition to establishing a property claim, allege conduct that is "'so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience.'" *Butera v. Dist. of Columbia*, 235 F.3d 637, 651 (D.C. Cir. 2001) (quoting *Cty. of Sacramento v. Lewis*, 523 U.S. 833, 847 n. 8 (1998)); *see Elkins v. Dist. of Columbia*, 527 F. Supp. 2d 36, 49 (D.D.C. 2007) ("The government's infringement of the recognized property interest must constitute a grave unfairness: Inadvertent errors, honest mistakes, agency confusion, even negligence in the performance of official duties, do not warrant redress." (quoting *Silverman v. Barry*, 845 F.2d 1072, 1080 (D.C. Cir. 1988)).

FEA has made no such claims in this matter.  Its attempt to transform adverse Authority decisions into substantive due process violations with baseless allegations of bias should be rejected by this Court.

a.   <u>The Union's Allegations of Bias are Frivolous</u>

The Union knows, or should know, that its claims of bias are frivolous.  A cursory review of the law reveals that the Union's accusations are wholly insufficient to show that Authority Members prejudged the Decisions.

"Courts have long recognized 'a presumption of honesty and integrity in those serving as adjudicators.'" *Prof'l Air Traffic Controllers Org. v. FLRA*, 685 F.2d 547, 573 (D.C. Cir. 1982) ("*PATCO*") (quoting *Withrow v. Larkin*, 421 U.S. 35, 47 (1975)).  "Absent a strong showing to the contrary, an agency adjudicator is presumed to act in good faith and to be capable of ignoring considerations not on the record."  *PATCO*, 685 F.2d at 573 (citations omitted).  A party claiming that it has been denied due process because of bias bears the burden of showing "a risk of actual bias or prejudgment."  *Withrow*, 421 U.S. at 47.  To meet that burden, the Union must do more than accuse Authority Members of holding "'an underlying philosophy with respect to an issue in dispute.'"  *Nuclear Info. & Res. Serv. v. Nuclear Regulatory Comm'n*, 509 F.3d 562, 571 (D.C. Cir. 2007) (quoting *United Steelworkers of Am. v. Marshall*, 647 F.2d 1189, 1208 (D.C. Cir. 1980)).  Rather, the Union must prove that Authority Members have "'in some measure adjudged the facts as well as the law of a particular case in advance of hearing it.'"  *Nuclear Info.*, 509 F.3d at 571 (quoting *Cinderella Career & Finishing Sch., Inc. v. FTC*, 425 F.2d 583, 591 (D.C. Cir. 1970)).

The Union utterly fails to make such a showing.  Other than disagreeing with the Decisions, the only "evidence" that the Union provides of alleged bias is a bare tally of alleged

"wins" and "losses" divorced from any of the facts or law that produced those results.  (Compl. Introduction & ¶¶ 19-30.)  The Supreme Court, however, has made it plain that, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion."  *Liteky v. U.S.*, 510 U.S. 540, 555 (1994).  The D.C. Circuit has, in turn, applied that standard to administrative proceedings.  *See Pioneer Hotel, Inc. v. NLRB*, 182 F.3d 939, 944 (D.C. Cir. 1999) ("Although the ALJ could have been more restrained in his language . . . there was nothing to suggest the kind of bias or partiality that requires judicial disqualification." (citing *Liteky*, 510 U.S. at 555–56)).

The Union has provided no evidence that the Authority Members were motivated by anything other than the law.  Given the Union's inability to allege any probative facts supporting the conclusion that Authority Members have "demonstrably made up [their] mind[s] about important and specific factual questions and [are] impervious to contrary evidence," this Court must presume that the Decisions are based on the Members' understanding of the law, not bias. *Power v. FLRA*, 146 F.3d 995, 1002 (D.C. Cir. 1998) (internal quotations omitted).

> b.    The Conduct of which FEA Complains Does Not
>        <u>Constitute a Denial of Substantive Due Process</u>

When stripped of the rhetoric of bias, the Union's Complaint can be seen for what it is: disappointment in the loss of fee awards that had been awarded before the conclusion of arbitration proceedings and the loss of a bundle of procedurally deficient grievance claims.  The Authority's determinations to set aside arbitration awards, however, even if the Decisions were incorrectly made (which they were not),[8] do not constitute the kind of harm that gives rise to a

---

[8]  This Court should reject Plaintiff's claims concerning alleged errors in the Decisions.  For example, despite allegations that the Authority misconstrued the facts of the arbitrations reviewed in the *Fees Decision*, the Plaintiff admits in paragraphs 13-16 of the Complaint that it does not know whether the debts the Agency attempted to collect were valid.  That demonstrates

substantive due process claim.  *Nicholson*, 475 F.3d at 353.  Indeed, the court's analysis in

*Nicholson*, which assessed a similar substantive due process claim brought by a union, is

instructive:

> The Union asserts a legitimate claim of entitlement in the arbitration award and in
> the relief ordered in that award, and claims that the government's interference
> with that interest shocks the conscience. The threshold for such a constitutional
> violation is unclear, but this court has held that a mere violation of law does not
> give rise to a due process claim.

*Id.* at 353 (quotation marks and citations omitted).  This Court should come to a similar

conclusion in this case and dismiss Plaintiff's substantive due process claim under Rule 12(b)(6)

because it fails to state a claim upon which relief can be granted.

> B.      This Court Should Dismiss Under Rule 12(b)(6) Plaintiff's *Leedom*
>         Claim and Claim that the FLRA Acted *Ultra Vires*

The D.C. Circuit has indicated that an exception to the Section 7123 jurisdictional bar

may be present where the Authority acts in a manner that is contrary to a clear mandate of the

Statute.  *Am. Fed'n of Gov't Emps., Local 2986 v. FLRA,* 130 F.3d 450, 451 (D.C. Cir. 1997)

(citing *Leedom v. Kyne*, 358 U.S. 184 (1958)).  Similarly, courts have found that jurisdiction may

be available if the Authority acts *ultra vires* by misapplying law that does not relate to conditions

of employment.  *See U.S. Dep't of Homeland Sec., U.S. Customs and Border Prot. Scobey,*

*Mont. v. FLRA*, 784 F.3d 821, 823 (D.C. Cir. 2015) ("*Scobey*").  Neither of those exceptions

applies in this case.

---

the main point of the *Fees Decision*: FEA cannot prove that the grievants in the arbitrations the
Authority reviewed suffered net losses of pay under the Back Pay Act, which is necessary for
award of fees.  *Fees Decision*, 70 FLRA at 720.  Similarly without merit are FEA claims that
citations in the *Fees Decision* do no support the sentences to which they refer.  In paragraph 103
of the Complaint, for example, Plaintiff alleges that *Fees Decision* footnote 18 is wrong because
the cases cited in the footnote do not refer to the DCA or Article 45.  Plaintiff fails to recognize,
however, that the cases in that footnote refer to a quotation in the sentence concerning the Back
Pay Act.  *See Fees Decision*, 70 FLRA at 720 & n. 18.

1.     Plaintiff Has Not Met the "Nearly Insurmountable"
       Burden of Establishing *Leedom* Jurisdiction

A theoretical exception to Section 7123(a)'s jurisdictional bar is the doctrine articulated

in *Leedom*.  In *Leedom*, the Supreme Court set forth a narrow exception to the general rule that

National Labor Relations Board ("Board") representation proceedings cannot be reviewed by

courts.  The Court held that district court equity jurisdiction existed where the Board had violated

a clear mandate of its enabling statute.  *Leedom*, 358 U.S. at 188.

The *Leedom* exception is "intended to be of extremely limited scope."  *Griffith v. FLRA*,

842 F.2d 487, 493 (D.C. Cir. 1988).  Indeed, the D.C. Circuit has described the "invocation of

*Leedom* jurisdiction" as "extraordinary," *Association of Civilian Technicians, Inc. v. FLRA*, 283

F.3d 339, 344 (D.C. Cir. 2002), and "nearly insurmountable."  *U.S. Dep't of Justice v. FLRA*,

981 F.2d 1339, 1343 (D.C. Cir. 1993).  "Garden-variety errors of law or fact are not enough" to

invoke *Leedom* jurisdiction.  *Griffith*, 842 F.2d at 493.

FEA can establish *Leedom* jurisdiction only by showing: 1) that the FLRA has

acted "contrary to a specific prohibition in [the Statute] which was clear and mandatory;" and 2)

"barring district court review would . . . wholly deprive[] the union of a meaningful and adequate

means of vindicating its statutory rights."  *Nat'l Air Traffic Controllers Ass'n AFL-CIO v. FSIP*,

437 F.3d 1256, 1263 (D.C. Cir. 2006) ("*FSIP*") (internal quotations and alterations omitted).

As Plaintiff has not identified a single statutory provision that the Authority has violated,

FEA "cannot overcome the 'nearly insurmountable limitations on [*Leedom*] jurisdiction.'"  *Pa.*

*Mun. Auths. Ass'n v. Johnson*, No. 04-5073, 2005 WL 2491482, at *1 (D.C. Cir. June 3, 2005)

(quoting *U.S. Dep't of Justice*, 981 F.2d at 1343).  Plaintiff has not identified any such violations

because the Authority has fulfilled all aspects of its statutory mandate.  Section 7122(a) of the

Statute provides, in relevant part, that the Authority may take action concerning an arbitration

award that it finds "deficient (1) because [the award] is contrary to any law, rule, or regulation; or (2) on other grounds similar to those applied by Federal courts in private sector labor-management relations[.]"  5 U.S.C. § 7122(a). Consistent with its Section 7122 obligations, the Authority reviewed the arbitrators' awards.  Having found that the awards were contrary to law, the Authority granted the Agency's exceptions and set the awards aside.  Nothing in Section 7122, or any other provision of the Statute, required the Authority to resolve the Decisions in favor of the Union.  *Nat'l Ass'n of Gov't Emps. v. FLRA*, 830 F. Supp. 889, 896–97 (E.D. Va. 1993) (Section 7122 of the Statute "clearly gives the Authority discretion in deciding what action to take regarding exceptions to arbitral awards").

Even assuming *arguendo* that the Decisions included any errors of law or fact, such mistakes are insufficient to establish *Leedom* jurisdiction.   That is so because, "[t]o rest [*Leedom*] jurisdiction on the basis that the FLRA has erred in reviewing an arbitration award is to 'turn every error of law into a basis for review, effectively repealing hundreds of finality provisions.'"  *U.S. Dep't of Interior v. FLRA,* 1 F.3d 1059, 1062 (10th Cir. 1993)) (quoting *Griffith*, 842 F.2d at 494).  Nor is "[a]n error in interpreting a statute other than the agency's organic act . . . the sort of plain error the [*Leedom*] doctrine requires." *Griffith*, 842 F.2d at 494. Rather *Leedom* requires a showing that the "absence of jurisdiction of the federal courts would have meant a sacrifice or obliteration of a right which Congress had given."  *FSIP*, 437 F.3d at 1263 (internal quotation and alterations omitted).  The Union has made no such showing with respect to the Decisions and thus cannot establish *Leedom* jurisdiction.

2.     The Authority's Routine Application of the Back Pay Act and
Other Statutes Regulating the Conditions of Employment to the
Arbitration Awards is Not Subject to Judicial Review

Plaintiff's assertion of an *ultra vires* claim (Compl. ¶ 118), in addition to a *Leedom* claim,

appears to be a reference to another limited exception to the bar on judicial review of Authority

decisions in arbitration cases.  That exception provides courts with jurisdiction if the Authority

acts outside of its area specialty and in a manner that is contrary to law.  *Scobey*, 784 F.3d at

823.[9]  Plaintiff's *ultra vires* claim should be dismissed because the Decisions involved areas of

law that fall squarely within the scope of the Authority's expertise.

The D.C. Circuit explained in *Scobey* that it had created an exception in *U.S. Department

of the Treasury, U.S. Customs Service v. FLRA*, 43 F.3d 682 (D.C. Cir. 1994) ("*Treasury*"),

allowing judicial review of Authority decisions "where 'the Authority exceeds its jurisdiction,'"

recognizing that "the Authority has jurisdiction [to hear arbitration cases] only over statutes that

were 'fashioned for the purpose of regulating the working conditions of employees.'"  *Scobey*,

784 F.3d at 823 (quoting *Treasury*, 43 F.3d at 691).  The D.C. Circuit held in *Treasury*, and

confirmed in *Scobey*, however, that the Back Pay Act is a "statute within [the Authority's]

purview."  *Scobey*, 784 F.3d at 823; *see also Treasury*, 43 F.3d at 689 (explaining that the Back

Pay Act "undisputedly was designed to deal directly with employee working conditions"). [10]

---

[9]   *See also Dart v. United States*, 848 F.2d 217, 224 (D.C. Cir. 1988) ("the Veterans'
administrator cannot issue oil drilling permits – nor can the Secretary of Labor rescind television
licenses – and expect to escape judicial review").

[10]   *Cf. U.S. Dep't of Homeland Sec., Customs & Border Prot. v. FLRA*, 647 F.3d 359, 365 (D.C.
Cir. 2011) (finding that changes to work schedules and overtime policies affect employees'
working conditions);  *Hilbert v. Dist. of Columbia*, 23 F.3d 429, 439 (D.C. Cir. 1994) (holding
that "exemptions from the [Fair Labor Standards Act] requirements are to be narrowly construed
to fulfill Congress's purpose of providing broad federal employment protection"); S. Rep. No.
103-397, 1994 WL 548739, at 6 (1994) (noting that the Congressional Accountability Act of

In the *Fees Decision*, the Authority applied the Back Pay Act to the arbitration awards and to determine the Union's eligibility for attorney fees. *Fees Decision*, 70 FLRA at 720. The Back Pay Act is indisputably a law that affects employees' compensation – a key component of employees' conditions of employment. The Authority applied only the Statute and its own precedent in determining the *Procedural Decision*. *Procedural Decision*, 70 FLRA at 863-64. There is thus no basis for Plaintiff's *ultra vires* claim.

FEA's argument that the Authority acted *ultra vires* because the Decisions allegedly contain errors, misses the remedial purpose of *ultra vires* causes of action. An ultra vires claim is not a claim "that an agency's authorized action was imprudent or that, in validly exercising its judgment, the agency reached the wrong result." *Id.* "[A] claim that an agency acted *ultra vires* is a claim that the agency acted "in excess of its delegated powers and contrary to a specific prohibition in an Act." *Eagle Tr. Fund v. U.S. Postal Serv.*, No. 1:17-CV-2450 (KBJ), 2019 WL 451350, at *7 (D.D.C. Feb. 4, 2019). Thus, even if the Decisions in some way reached the wrong result, FEA cannot establish an *ultra vires* claim because the Decisions were a valid exercise of Statutory discretion Congress entrusted to the Authority.[11]

---

1995, Pub. L. No. 104-1, 109 Stat 3 (1995) (codified at 2 U.S.C. §§ 1301-1438) applied "key . . . employee-protection laws," including the Fair Labor Standards Act, to Congress).

[11] Plaintiff's reliance on *Aid Association for Lutherans v. U.S. Postal Service*, 321 F.3d 1166, 1175 (D.C. Cir. 2003); *Chamber of Commerce of U.S. v. Reich*, 74 F.3d 1322, 1328 (D.C. Cir. 1996); and *Dart*, 848 F.2d at 224 is unavailing. In each of those cases, the agencies took actions that were clearly prohibited by statute. *See Aid Ass'n for Lutherans*, 321 F.3d at 1175 (agency acted *ultra vires* when it promulgated regulation that conflicted with plain meaning and intent of statute); *Reich*, 74 F.3d at 1328 (executive order that conflicted with statute was *ultra vires*); *Dart*, 848 F.2d at 221 (agency acted *ultra vires* by reversing award even though statute permitted it only to "affirm, modify or vacate" such rulings). No similar violation occurred in this case.

As the Decisions do not give rise to any proper jurisdictional argument under *Treasury*, Plaintiff's Complaint should be dismissed.  *See Scobey*, 784 F.3d at 823-24; *Treasury*, 43 F.3d at 689.

## <u>CONCLUSION</u>

For the foregoing reasons, the FLRA respectfully requests that the Court grant the FLRA's motion to dismiss Plaintiff's Complaint pursuant to Rules 12(b)(1) and 12(b)(6).

Respectfully submitted,

<u>s/ Rebecca J. Osborne</u>
REBECCA J. OSBORNE,
Acting Deputy Solicitor
No Attorney Bar Number Required
Federal Labor Relations Authority
1400 K Street, NW
Washington, D.C. 20424
Telephone: (202) 218-7986
Facsimile: (202) 343-1007
Email: rosborne@flra.gov

Dated: April 8, 2019

## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of April, 2019, I electronically filed the foregoing with the Clerk of the United States District Court for the District of Columbia Circuit by using the CM/ECF system.  I also certify that the foregoing document is being served on counsel of record and that service will be accomplished by the CM/ECF system.

/s/ Rebecca J. Osborne
Rebecca J. Osborne
Acting Deputy Solicitor
Federal Labor Relations Authority
1400 K Street, NW
Washington, DC 20424
Telephone: 202-218-7986
Email: rosborne@flra.gov